24 F.3d 252
 73 A.F.T.R.2d 94-2120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. WILLIAMS, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70700.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 17, 1994.
 
 Before: FERGUSON, NOONAN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert E. Williams (Williams) timely petitions for review of the Tax Court's decision entered on July 7, 1992 as to Williams's 1987 federal tax returns. We have jurisdiction under 26 U.S.C. Sec. 7482 and affirm.
 
 
 3
 The Tax Court concluded that Williams had erred in computing the depreciation deductions for his San Francisco, California, and Savannah, Georgia, rental properties in his 1987 federal tax returns. The Tax Court reasoned that "[a]s a result of these errors, which the Court believes were inadvertent, [Williams] computed the basis of the San Francisco property to be $111,000.00, and that of the Savannah property to be $13,800.00. Both of these computations were incorrect. Petitioner cannot deduct depreciation on a basis greater that his adjusted cost basis for each property." The Tax Court proceeded, under Tax Court Rule 155, to uphold the Internal Revenue Service's determinations as to the correct depreciation allowances.
 
 
 4
 On this appeal Williams concedes that he erred in calculating the depreciation deductions, but he argues that he is still entitled to the deductions as he calculated them because his errors were inadvertent. The inadvertence through which Williams reached the miscalculations does not transmute the miscalculations into correct calculations. Williams was entitled only to those deductions to which the statutes entitle him. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Moreover, it was not error for the Tax Court to compute Williams's tax liability based upon its finding as to the depreciation deductions to which Williams was entitled. See Tax Court Rule 155.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3